UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Superior Wilderness Action Network,

Plaintiff,

vs. ORDER

United States Forest Service; James Sanders, Forest Supervisor; and Robert Jacobs, Regional Forester,

Defendants. Civ. No. 01-676 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of March, 2002.

## I. Introduction

On March 14, 2002, the Court heard argument on the Plaintiff's Motion to Conduct Discovery. At the time of the Hearing, the Plaintiff Superior Wilderness Action Network appeared by Leigh Haynie, Esq., and the Defendants, the United States Forest Service, James Sanders, and Robert Jacobs, appeared by Perry Sekus, Assistant United States Attorney. For reasons which follow, we deny the Plaintiff's Motion.

## II. Factual and Procedural Background

This cases involves a challenge, under the Administrative Procedures Act, Title 5 U.S.C. §701 et seq. ("APA"), to a land

17

FILED MAR 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

exchange, between the United States Government and Cook County, Minnesota, which has been denominated as the "Tip of the Trail." The United States Forest Service ("USFS") began an environmental review of the proposed "Tip of the Trail" land exchange in December of 1998, when it sent letters to more than seventy-five interested and affected parties. After a notice and comment period, the USFS studied alternatives to the land exchange, and finally, in January of 2001, the USFS issued notice of its decision, which determined that the exchange would pose no significant impact on the human environment. The decision was affirmed by the Regional Forester -- the Defendant Robert Jacobs -- in April of 2001. By this decision, USFS authorized the exchange of 5.5 acres of Federal land, located in the Gunflint Ranger District, to Cook County, Minnesota, in exchange for approximately 237 acres of County-administered land that is located in the Boundary Waters Canoe Area Wilderness.

After pursuing its administrative remedies, the Plaintiff initiated this lawsuit, in April of 2001, claiming that the Defendants' actions were arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and seeking a Declaratory Judgment, and equitable relief. In this law suit, the Plaintiff makes the following assertions: the Defendants' decision to proceed with the proposed exchange, without the completion of an Environmental Impact Statement ("EIS"), constituted a violation of

the National Environmental Policy Act, Title 42 U.S.C. §4332 et seq. ("NEPA"); the decision of USFS to employ one Environmental Assessment ("EA") for two proposed land exchanges -- one of which being the "Tip of the Trail" -- violates NEPA; the decision of USFS did not consider the "cumulative impacts" of the proposed exchange, in violation of both NEPA and the Forest Service Handbook; and the decision of USFS did not adhere to applicable laws and regulations pertinent to Federal land exchanges.

Since this is an appeal from an administrative action, the parties advised the Court, in September and October of 2001, that they would be filing a certified Administrative Record, and that no further discovery would be needed. As a consequence, we issued an Order which established a briefing schedule for the parties' anticipated cross-Motions for Summary Judgment, and those deadlines were extended, at the request of the parties, in January of 2002. The current deadlines are as follows: opening briefs are to be filed by May 1, 2002, responsive briefs by June 1, 2002, and reply briefs by June 15, 2002. See, Docket No. 8. The certified Administrative Record was filed on February 21, 2002. See, Docket No. 12.

The Plaintiff has now moved for an Order allowing it to conduct discovery, as it contends that the Defendants have not compiled the whole Administrative Record. In support of its Motion,

the Plaintiff has attached ten documents which, it suggests, should be a part of the Administrative Record, but which were not included in the Record that was filed by the Defendants. See, Exs. C - L, Attached to Plaintiff's Motion for Permission to Conduct Discovery.[1] The documents consist of letters to and from the USFS, none of which specifically mention the "Tip of the Trail" land exchange, and which range in date from April of 1996, to May of 1999. The Plaintiff urges that these letters show that the Administrative Record, which was filed by the Defendants, is not complete, and that they warrant the limited discovery, which the Plaintiff would like to conduct, in order to determine whether there is other evidence, that was considered by the USFS in making its decision, which has not been included in the formal Record. The Defendants oppose the request for discovery, and maintain that the Administrative Record is complete, and that the proffered letters are not relevant to the issues on review before this Court.

[1]At the Hearing, the parties advised that Exhibit J to the Plaintiff's Motion to Conduct Discovery, which is a letter dated November 28, 1997, from Defendant James Sanders to Ted Mershon, a Cook County Land Commissioner, was added to the certified Administrative Record after discussions between the parties. Therefore, we will not consider Exhibit J in our discussion of the Plaintiff's Motion, other than as reflecting, at least in the Plaintiff's view, a lack of diligence on the Defendants' part in amassing the Administrative Record for the Court's review.

## III. Discussion

A. Standard of Review. It is well settled that judicial review of an agency decision is typically confined to the Administrative Record. See, Camp v. Pitts, 411 U.S. 138, 142 (1973); Newton County Wildlife Ass'n v. Rogers, 141 F.3d 803, 807 (8th Cir. 1998); Earth Protector, Inc. v. Jacobs, 993 F. Supp. 701, 707 (D. Minn. 1998). Although there are some exceptions to this general rule, "[i]f the agency record is for some reason inadequate, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation.'" Newton County Wildlife Ass'n v. Rogers, supra at 807, quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). Conversely, where "there is a contemporaneous administrative record and no need for additional explanation of the agency decision, 'there must be a strong showing of bad faith or improper behavior' before the reviewing court may permit discovery and evidentiary supplementation of the administrative record.'" Id., quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 105 (1977).

In addition to bad faith, or the need for a decision maker to more fully explain its decision in order to allow effective judicial review, Courts have held that supplementation of the Administrative Record may be necessary when "it appears that the agency

has relied on substantial records and materials not included in the record." Sokaogon Chippewa Community v. Babbitt, 929 F. Supp. 1165, 1172-73 (W.D. Wis. 1996); see also, AMFAC Resorts, L.L.C. v. United States Dep't of the Interior, 143 F. Supp.2d 7, 12 (D. D.C. 2001); Miami Nation of Indians of Indiana v. Babbitt, 979 F. Supp. 771, 779 (N.D. Ind. 1996). A complete, or whole Administrative Record, will include "'all documents and material directly or indirectly considered by the agency,'" Miami Nation of Indians of Indiana v. Babbitt, supra at 775, quoting Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993), or, stated otherwise, a complete Record includes "all materials that 'might have influenced the agency's decision,' and not merely those on which the agency relied in its final decision." AMFAC Resorts, L.L.C. v. United States Dep't of the Interior, supra at 12, quoting Bethlehem Steel v. EPA, 638 F.2d 994, 1000 (7th Cir. 1980). As one Court has elaborated:

> An agency may not unilaterally determine what constitutes the Administrative Record, nor can the agency supplement the Administrative Record submitted to the district court with post hoc rationalizations for its decision. However, the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity. The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary. When a showing is made that the record

> may not be complete, limited discovery is appropriate to resolve that question.

Bar MK Ranches v. Yuetter, supra at 739-40.

Other Courts have placed the threshold showing necessary for the allowance of discovery so as to determine the "whole" or "complete" Record as being "strong," "substantial," or "prima facie." AMFAC Resorts, L.L.C. v. United States Dep't of the Interior, supra at 12, and cases cited therein; Sokaogon Chippewa Community v. Babbitt, supra at 1173 ("However, a party must make a 'strong showing' that one of these exceptions applies before a court will allow extra-record inquiry."). Suffice to say, a plaintiff must show something more than a belief that there must be other documents in existence, that were not included in the Record, or mere surmise that documents, which relate to the general topic at issue, must have been considered by the agency, but were excluded from the official Record.

B. Legal Analysis. The only exception to the general prohibition against discovery in APA cases, upon which the Plaintiff relies, is that the Defendants considered evidence which has not been included in the Administrative Record.[2] This contention is

---

[2]While the timing of the Plaintiff's request is suspect, we do not base our ruling on its belated nature. We do, however, express some doubt that, if the Administrative Record were starkly deficient, so much time would have expired before the deficiencies in that Record would be drawn to our attention. First, we note that (continued...)

based, in part, on the nine documents provided to the Court. Moreover, the Plaintiff complains that, even though part of its assertion is that the USFS improperly used one EA for both the "Tip of the Trail" land exchange, and the now defunct "Hungry Jack" land exchange, the Administrative Record contains little information on the "Hungry Jack" land exchange. In addition, the Plaintiff points out that, based on the exhibits it has submitted to the Court, it is clear that there was a meeting at the Hungry Jack lodge, in which at least the Hungry Jack land exchange was discussed, but that the Administrative Record contains no notes, agenda, minutes, or other documents from that meeting. In all, the Plaintiff maintains that it has successfully demonstrated that the Administrative Record, which was filed by the Defendants, is not whole, or complete, and therefore, it should be allowed to undertake

---

[2](...continued)
we are at the end of the administrative process. We would have thought that the Plaintiff, as an interested participant in that process, would have exhausted every effort to assure that the Administrative Record was complete, as that Record was amassed. Moreover, many of the documents, which would pertain to the proposed land exchange were, undoubtedly, available for the Plaintiff's review either by an informal contact with Cook County, and the USFS, or through an exercise of the Minnesota Government Data Practices Act, or its Federal counterpart.

Nonetheless, the Plaintiff complains that the Administrative Record was not compiled for its review for completeness until quite recently. Accordingly, without ascribing to that view, we premise our decision on alternative grounds.

discovery in order to ascertain what a complete Administrative Record should comprise.

The Administrative Record in this case consists of two lengthy appraisals, as well as numerous other documents that are specific to the "Tip of the Trail" land exchange. According to the Defendants, the nine documents, which have been identified by the Plaintiff, largely predate the "Tip of the Trail" land exchange -- which was officially undertaken in December of 1998, when the USFS began the environmental review of the land exchange proposal -- or are irrelevant to the "Tip of the Trail" land exchange, as that proposal is not even referenced in those documents. The Defendants have acknowledged, however, that there are documents in the Administrative Record that extend as far back as 1992, which mention a potential "Tip of the Trail" land exchange. Nonetheless, the Defendants maintain that they have compiled the whole Administrative Record, and that the Plaintiff has not carried its burden of demonstrating that documents, which are outside of the designated Record, were either directly or indirectly considered in making the decisions at issue in this litigation. We agree.

None of the nine documents, which have been submitted by the Plaintiff, even mention the "Tip of the Trail" land exchange proposition. Rather, they all appear to pertain to land exchanges in general, and they span dates from April of 1996, to May of 1999.

See, Exs. C - I, K - L, Attached to Plaintiff's Motion for Permission to Conduct Discovery. In fact, only two of the nine documents are dated after the formal initiation of the "Tip of the Trail" environmental review in December of 1998, and the remaining documents are all dated before December of 1997. Id. Although, as the Plaintiff theorized during the Hearing, these documents "could" relate to the "Tip of the Trail" land exchange, the mere fact that documents "could" relate to an agency decision under review does not satisfy the Plaintiff's burden. A document, that generally relates to the topic at issue in an APA case, might theoretically relate to the generic issue that is raised in the suit for judicial review, but, to allow discovery on such a slender, metaphysical showing, would eradicate any presumption of administrative regularity, and would open judicial review proceedings, under the APA, to generalized, invasive discovery -- a result the Courts have near universally rejected. Accordingly, we conclude, on the Record before us, that the Plaintiff has failed to demonstrate that this is one of the rare instances in which extra-Record discovery should be allowed to proceed.

Moreover, even though the Plaintiff may suspect that there are more documents which relate to the USFS's decision to conduct one EA for both the "Tip of the Trail" and the "Hungry Jack" land exchanges, it has proffered no such showing. As the Defendants

expressed at the Hearing, without contradiction from the Plaintiff, the Administrative Record does contain documents which relate to both land exchanges. The Plaintiff is not entitled to review the entire realm of documents involving the "Hungry Jack" land exchange, except to the extent they pertain, as well, to the "Tip of the Trail" exchange. Here, the Defendants represent that all such documents have been included in the Administrative Record, and the Plaintiff offers nothing to competently contest that representation. Mere speculation, that more is available than has been included in an Administrative Record, is woefully insufficient to authorize the invasive discovery that the Plaintiff proposes. Accordingly, we deny the Plaintiff's Motion to Conduct Discovery.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Conduct Discovery [Docket No. 13] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE